E-FILED
Wednesday, 02 December, 2015  03:59:30 PM
Clerk, U.S. District Court, ILCD

FILED
DEC 02 2015
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ALBERTA LEE GERK, )
 )
    Plaintiff )
 )
v. ) Case No.: 15-1145
 )
CL MEDICAL SARL; CL MEDICAL, INC. )
AND UROPLASTY, INC. )
 )
    Defendants. )

## ORDER AND OPINION

This matter is now before the Court on Defendant CL Medical SARL's Motion to Dismiss [7], Plaintiff's Response [19] thereto, Plaintiff's Motion for Leave to Propound Limited Jurisdictional Discovery [24], and Defendant CL Medical SARL's Response [29] thereto. For the reasons set forth below, the Plaintiff's Motion [24] is Denied and Defendant CL Medical SARL's Motion [7] is Granted.

### Background

The following facts are taken from the parties' pleadings and affidavits. Plaintiff Alberta Lee Gerk, an Illinois resident, initiated this products liability action after suffering injuries related to the surgical implantation of an I-STOP transvaginal mesh sling used to treat stress urinary incontinence. Defendant CL Medical SARL ("SARL") is a French corporation with its principal place of business in Sainte Foy Les Lyon, France. SARL manufacturers the I-STOP devices in France and ships them to CL Medical, Inc. ("CL Medical"), a separate corporate entity. CL Medical sells and distributes the I-STOP devices to a handful of states in the United States. SARL and CL Medical are both owned by the same French holding company, CLJ

1

Financial Group. Vincent and Caroline Goria own CLJ Financial Group, they own a majority interest in CL Medical, and Mr. Goria is the founder and president of SARL.

The Complaint alleges that SARL and CL Medical are alter-ego companies, and "there is a unity of ownership and interest between [the] two defendants." The CL Medical website allegedly references "CL Medical" without distinguishing between the two separate corporate entities. The Complaint claims that Mr. Goria controls the day-to-day operations of SARL and CL Medical from CL Medical's offices in California, and that SARL "purposefully directed its business toward Illinois by furnishing medical devices for use in multiple patients in Illinois." The Complaint alleges the I-STOP device implanted in Plaintiff Gerk was "sold in Illinois to her physician or a hospital facility with which her physician was affiliated by [CL Medical]," and that because CL Medical was the exclusive distributor of the I-STOP device, SARL "had knowledge that the I-STOP was being sold in Illinois." Allegations in Plaintiff's Response to SARL's Motion to Dismiss include such statements as: "CL Medical operates under grossly inadequate capital" and "[CL Medical and SARL]'s daily operations are not kept separate." In response to SARL's Motion to dismiss for lack of personal jurisdiction, Plaintiff moved for leave to propound limited jurisdictional discovery. This Order follows.

## Discussion

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. *See Conley v. Gibson*, 355 U.S. 41 (1957); *Gould v. Artisoft, Inc.*, 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in the Federal Rules of Civil Procedure 8(e). More recently, the

Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). The claim for relief must be "plausible on its face." *Id.*; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953 (2009). For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Hishon v. King & Spalding*, 467 U.S. 69 (1984); *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467 (7th Cir. 1997); *M.C.M. Partners, Inc. V. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 969 (7th Cir. 1995); *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75 (7th Cir. 1992).

In addition to the pleading requirements, the defendant must be subject to the Court's jurisdiction. The Due Process Clause requires that individuals have "fair warning that a particular activity may subject them to the jurisdiction of a foreign sovereign," *Shaffer v. Heitner*, 433 U.S. 186, 218 (1977) (Stevens, J., concurring), thus providing "a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); see also *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). As such, the "plaintiff bears the burden of demonstrating personal jurisdiction." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 942-45 (7th Cir. 2000) [hereinafter *Pension Fund*]. A defendant must have purposefully established minimum contacts for personal jurisdiction to be proper. *Burger King Corp. v. Rudzewicz*, 471 U.S. at 474-76.

3

Where a "State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum, the State is exercising 'specific jurisdiction' over the defendant." In contrast, "[w]hen a State exercises personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum," the State is exercising 'general jurisdiction' over the defendant. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8, 9 (1984). And a federal district court exercising diversity jurisdiction has personal jurisdiction only to the extent that the court of the state in which it sits would have personal jurisdiction. *See RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). The Seventh Circuit uses a three-part test to determine whether specific personal jurisdiction is proper:

> (1) identify the contacts the defendant has with the forum; (2) analyze whether these contacts meet constitutional minimums and whether exercising jurisdiction on the basis of these minimum contacts sufficiently comports with fairness and justice; (3) determine whether the sufficient minimum contacts, if any, arise out of or are related to the causes of action involved in the suit. If the court determines at the second step that a defendant does not have sufficient minimum contacts with the forum, then its personal jurisdiction analysis ends without examining the plaintiff's causes of action.
>
> *Pension Fund*, 230 F.3d at 944.

**a) Specific Jurisdiction**

The first prong of the three-part specific jurisdiction analysis requires the Court to identify SARL's contacts with Illinois. See *Pension Fund*, 230 F.3d at 944. Plaintiff alleges SARL "intentionally directed business through the sale of its products to the State of Illinois" and that the I-STOP "device implanted in Ms. Gerk was sold in Illinois to her physician or a hospital facility with which her physician was affiliated by . . . CL Medical, Inc." Plaintiff also states that SARL was aware the I-STOP was being sold in Illinois because of its alleged exclusive distribution agreement with CL Medical. Additionally, the Declaration by Plaintiff's

4

counsel stated that at least two other women in Illinois have been injured by the I-STOP. Mr. Goria's Declaration stated that SARL was not incorporated in Illinois, it did not maintain its principal place of business or any offices in Illinois, it has never been registered to do business in the United States, SARL did not market, distribute, or sell the I-STOP in Illinois, nor did it transact business or have agents in Illinois.

The second prong of the personal jurisdiction analysis requires the court to scrutinize "whether these contacts meet constitutional minimums and whether exercising jurisdiction on the basis of these minimum contacts sufficiently comports with fairness and justice." *Pension Fund* at 944. Here, SARL's only contacts with Illinois stemmed indirectly from a separate corporate distributor's sale of the I-STOP device to either doctors or hospitals. Plaintiff cannot point to any other sales in Illinois, and states only that two other women have claims related to the I-STOP in Illinois. Such facts "plac[e] this case very close to—if not within—the narrow category of cases governed by the plurality opinion in *J. McIntyre Machinery, Ltd. v. Nicastro*," where a single, isolated sale was not sufficient to confer personal jurisdiction, even if it was anticipated. *Arnoult v. CL Medical SARL*, 2015 WL 5554301 at *10.

In *Arnoult*, the plaintiff alleged that four I-STOP devices were sold in Mississippi. The court, distinguishing *Arnoult* from a case where personal jurisdiction was proper, reasoned that the plaintiff's argument was "more attenuated, relying on inference-upon-inference without any substantial evidence or factual allegation to connect [SARL] to the state of Mississippi." *Id.* Here, all Plaintiff has alleged—apart from the alter ego theory addressed *infra*—is that SARL placed the I-STOP into the stream of commerce, and that because SARL and CL Medical had an exclusive distribution agreement (more accurately, that Plaintiff is not aware of any others who do business with CL Medical), SARL knew which states its product was marketed and sold in.

Even if Plaintiff adequately alleged specific facts to support the conclusion that SARL had knowledge of the I-STOP sales in Illinois, that pleading would still likely fall short of the purposeful availment requirement articulated in *J. McIntyre, 131 S. Ct. 2780, 2787 (2011)* ("In products-liability cases like this one, it is the defendant's purposeful availment that makes jurisdiction consistent with "traditional notions of fair play and substantial justice."); *Asahi Metal Indust. Co. v. Superior Court of California, Solano Cty.*, 480 U.S. 102, 112 (1987) ("a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State.").

"If the court determines at the second step that a defendant does not have sufficient minimum contacts with the forum, then its personal jurisdiction analysis ends without examining the plaintiff's causes of action." *Pension Fund*, 230 F.3d at 944. Here, no facts are presented that identify I-STOP sales directed to, or made in Illinois. No facts are presented that indicate the I-STOP device implanted in Plaintiff was sold in Illinois to a physician or hospital. No facts are presented that show which states the device is marketed and sold in. Nor does Plaintiff provide evidence or specific facts about the alleged exclusive distribution agreement between SARL and CL Medical, aside from claiming she is unaware of other companies that distribute products through CL Medical. Plaintiff has neither alleged specific facts, nor presented any evidence indicating that SARL intentionally availed itself of the privilege of conducting business in Illinois, or that it was reasonably foreseeable that its products would end up in Illinois. See *Arnoult* at *10. As such, Plaintiff has not shown that SARL had minimum contacts with Illinois sufficient to subject it to personal jurisdiction here. Thus, the personal jurisdiction analysis ends. *Pension Fund*, 23 F.3d at 944.

b) Alter Ego

Although Plaintiff is unable to show that Defendant SARL itself is subject to personal jurisdiction in Illinois, she may be able to establish personal jurisdiction under the alter ego theory of corporate veil piercing. Plaintiff alleges that there is a common unity of ownership between CL Medical and SARL, their daily operations are not kept separate, that Mr. Goria runs the day-to-day operations of both companies from his California office, that CL Medical operates under grossly inadequate capital, and that CL Medical operates solely to serve as a distributor for SARL.

Illinois courts look to the following factors when analyzing whether a sufficient unity of interest exists to justify disregard of the corporate form:

> (1) inadequate capitalization; (2) failure to issue stock; (3) failure to observe corporate formalities; (4) nonpayment of dividends; (5) insolvency of the debtor corporation; (6) nonfunctioning of the other officers or directors; (7) absence of corporate records; (8) commingling of funds; (9) diversion of assets from the corporation by or to a stockholder or other person or entity to the detriment of creditors; (10) failure to maintain arm's-length relationships among related entities; and (11) whether, in fact, the corporation is a mere facade for the operation of the dominant stockholders.
> *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 379 (7th Cir. 2008), (citing *Fontana v. TLD Builders, Inc.*, 362 Ill.App.3d 491 (Ill.App.Ct.2005)).

Additionally, Illinois courts adhere to the principle that "[a] corporation is a legal entity separate and distinct from its shareholders, directors, and officers . . . . [and] applies even where one corporation wholly owns another and the two have mutual dealings." *Judson Atkinson Candies*, 529 F.3d at 380 (citing *Joiner v. Ryder Sys. Inc.*, 966 F.Supp. 1478, 1483 (C.D.Ill. 1996)); see also *Pension Fund*, 23 F.3d at 943 ("[C]onstitutional due process requires that personal jurisdiction cannot be premised on corporate affiliation or stock ownership alone where

7

corporate formalities are substantially observed and the parent does not exercise an unusually high degree of control over the subsidiary.").

Here, as in *Arnoult*, Plaintiff's assertions do not provide any information regarding the amount of control SARL exerts over CL Medical. See *Arnoult*, 2015 WL 5554301 at *10. The only factual allegation Plaintiff has made is that SARL and CL Medical share common owners and directors. And although "having common officers and directors is generally a prerequisite to piercing the corporate veil, this factor is insufficient to justify disregarding the corporate form." *Judson Atkinson Candies*, 529 F.3d at 381. Plaintiff's remaining allegations of undercapitalization and failure to observe corporate formalities are wholly unsupported and devoid of factual support. The pleading requirements of the Federal Rules obligate a plaintiff "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, Plaintiff has failed to establish that Defendant SARL is subject to personal jurisdiction in Illinois directly, or as an alter ego of CL Medical.

### c) Plaintiff's Motion for Jurisdictional Discovery

A plaintiff must "establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted," and "foreign nationals generally should not be subjected to extensive discovery in order to determine whether personal jurisdiction over them exists." *Pension Fund*, 230 F.3d at 946. Where Plaintiff's claims contained factual allegations rising above the level of "formulaic recitation[s] of the elements of a cause of action," those claims showed only that CL Medical and CL Medical SARL did business together and had common corporate parentage and ownership. See *Id.* at 947; *Bell Atl. Corp v. Twombly*, 550 U.S. at 555.

8

The claims in the Complaint were insufficient to show that SARL exercised an unusually high degree of control over CL Medical, or that corporate formalities were not substantially observed, or that CL Medical was undercapitalized, or that CL Medical was merely a façade for SARL. See *Pension Fund*, 230 F.3d at 496. In short, Plaintiff has failed to meet her burden of establishing "a colorable or prima facie showing of personal jurisdiction" necessary to allow discovery. *Id.*

### d) Defendant's Motion to Dismiss

Because Plaintiff has failed to establish that Defendant SARL is subject to specific personal jurisdiction, Defendant is entitled to dismissal under Federal Rule of Civil Procedure 12(b)(2).

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for leave to conduct jurisdictional discovery [24] is denied at this time. Defendant's Motion to dismiss [7] is granted without prejudice. Plaintiff is granted leave to file an amended complaint with 14 days curing the identified deficiencies if she has a good-faith basis for doing so.

Entered this ___ day of December, 2015.

s/ James E. Shadid

James E. Shadid
Chief United States District Judge